# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No.: 23-393 (RC) |
| : | |
| HACHIKOSELA K. MUCHIMBA, : | |
| : | |
| Defendant. : | |

## **PRETRIAL ORDER**

It is hereby **ORDERED** that the following schedule shall govern proceedings in this case:

1. The parties shall file any pretrial motions, other than evidentiary motions and motions *in limine*, on or before **December 2, 2024**, with responses due by **December 16, 2024**, and replies due by **December 23, 2024**;

2. The parties shall file expert witness notices, expert reports, and the Government's Federal Rules of Evidence Rule 404(b) notices by **January 10, 2025**. Defendant's response to the Government's Federal Rules of Evidence Rule 404(b) notices shall be filed by **January 24, 2025**. The parties' objections to expert witnesses or proposed expert testimony shall be filed by **January 24, 2025**, and responses thereto shall be filed by **February 7, 2025**;

3. The parties shall file lay witness identification and subject matter reports on or before **February 10, 2025**;

4. The parties shall file any motions *in limine* on or before **January 10, 2025**, with responses due by **January 24, 2025**, and replies due by **January 31, 2025**;

5. The parties shall file evidentiary pretrial motions on or before **January 10, 2025**, with responses due by **January 24, 2025**, and any replies by January **31, 2025**;

6. The parties shall file joint notice of stipulations on or before **February 10, 2025**;

7. The parties shall file *Giglio* and *Jencks* material one week before the relevant testimony;

8. The parties shall file *voire dire* and jury instructions on or before **February 24, 2025**;

9. The parties shall file their witness lists, exhibits lists, and exhibits on or before **February 24, 2025**;

10. The parties shall file a joint pretrial statement that complies with the directives detailed below on or before **February 24, 2025**;

11. The parties shall appear for the pretrial conference on **March 3, 2025** at **10:00 a.m.** in **Courtroom 23A**; and

12. Trial will commence on **March 10, 2025,** at **10:00 a.m.** in **Courtroom 23A**.

It is **FURTHER ORDERED** that, in order to ensure that the trial in this case proceeds with efficiency, dignity, and congeniality, the parties shall comply with the following directives:

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include the following:

1. A **one-paragraph joint statement of the case** for the Court to read to prospective jurors;

2. An **estimate** of the number of days the trial is anticipated to last;

3. A **list of expert witnesses** the parties intend to call, to the extent required in order to comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C);

4. A **list of non-expert witnesses** the parties intend to call;

5. A list of all **outstanding motions in limine**;

6. **Proposed *voir dire* questions** that indicate:

    a. the *voir dire* questions upon which the parties agree; and

    b.  the *voir dire* questions upon which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

7. **Proposed jury instructions** that indicate:

    a.  the instructions upon which the parties agree;

    b.  the instructions upon which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority; and

    c.  the proposed instruction's source (*e.g.*, Standardized Criminal Jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority;

    The jury instructions should be formatted so that each individual jury instruction begins on a new page, with the source and supporting authority noted at the bottom of the page, followed by any objections and the grounds therefor.

8. A **list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

9. A **list of exhibits** that each party intends to offer during trial

    a.  exhibits should be marked by number (1, 2, 3), and groups of exhibits should be marked by number and letter (1A, 1B, 1C);

    b.  the parties shall indicate those exhibits that are agreed upon, those exhibits that are not, and those exhibits to which there is an objection;

    c.  exhibits will be presumed authentic unless an objection to their authenticity is noted in the Joint Pretrial Statement; and

    d.  the parties shall separately provide to the Court a **binder of the actual exhibits that the parties intend to use** at trial;

10. **Any stipulations**, signed by counsel and the defendant;

11. A list of **any matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

12. A **proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson;

## TRIAL PROCEDURES

The following procedures will govern the trial proceedings in this case:

1. **Schedule:**  Unless the parties are otherwise notified, the Court will convene the jury portion of the trial from 10:00 AM to 1:00 PM and 2:00 PM to 5:30 PM, Monday through Friday.  The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume.

2. **General Courtroom Rules:**  The Court expects the parties to exercise civility at all times.  Unless leave is otherwise granted, counsel shall:

    a. examine witnesses or address the jury from the lectern;

    b. obtain permission before approaching a hostile or adverse witness;

    c. stand when raising objections;

    d. stand when the jury is entering or leaving the courtroom;

    e. remain in the courtroom once court is in session;

    f. direct all statements to the Court rather than to the opposing party; and

    g. refer to all witnesses aged 18 or over, including their own clients, as "Mr." or "Ms." rather than a first name or nickname.

3. *Voir Dire*:  The Court will conduct *voir dire* and will consider proposed *voir dire* questions submitted by the parties.  Where warranted, the Court will allow the parties to ask additional questions of prospective jurors at the bench or in the jury room.

4. **Technical Equipment:**  Parties who would like to use technical equipment (*e.g.*, overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019.

5. **Jury Instructions:**  If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the Court with the text of the proposed instruction or else the Court will consider the request waived.

6. **Witnesses:**  A party calling a witness must arrange for the witness's presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness's testimony.  Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.  Additionally, parties are advised to avoid eliciting witness's personal identifiers such as social security numbers, financial account information, names of minor children, dates of birth, and home addresses.  If such information inadvertently becomes part of the record, the parties may request redaction of such items.

7. **Exhibits:**  Parties who plan to tender exhibits must provide an exhibit to the courtroom deputy.  As indicated above, exhibits should be marked by number (1, 2, 3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).

8. **Closing Arguments and Final Instructions:**  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave.  In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout trial, counsel shall not:

    a. make statements of personal belief to the jury;

    b. make personal attacks on other counsel in the case;

    c. appeal to the self-interest of the jurors; nor

    d. make potentially inflammatory racial, ethnic, political, or religious comments.

9. **Admonition:**  With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

**SO ORDERED**.

Dated:  September 27, 2024                                     RUDOLPH CONTRERAS
                                                               United States District Judge