UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                          23-cr-393(RC)

HACHIKOSELA MUCHIMBA

**MOTION TO SUPPRESS ORAL STATEMENTS**

Defendnat, by and through undersigned counsel, does hereby move to suppress oral statements generated during the investigation of this matter. In support thereof, defendant respectfully sets forth as follows:

1. On March 29, 2023, law enforcement officials from the United States Postal Service Office of Inspector General, Treasury Inspector General for Tax Administration, Homeland Security Investigations and the Washington DC Metropolitan Police Department arrived at defendant's residence located at 3802 Hayes Street, NE, Apt. 6, Washington, D.C.

2. Defendant's vehicle was blocked as he tried to exit the apartment building parking lot and he was removed from the vehicle he was operating.

1

Defendant was then advised that a search warrant had been obtained for his residence.

3. Defendant was confronted in the parking lot by multiple members of law enforcement. At time of the confrontation, defendant was alone and apparently not given the opportunity to call friends, family or legal counsel.

4. The officers took handwritten notes of comments made to them by defendant during an interview conducted USPS-OIG Mark Montoya. The noted apparently were drafted by HIS SA Martin Delengo.

5. The notes of the interview are not signed by defendant. Upon information and belief, a PD-47 was not signed by defendant.

6. Defendant specifically told the officers he did not understand 18 U.S.C. Section 1425, Procurement of Citizenship or Naturalization.

7. Defendant has no experience with the criminal justice system, was not educated in the United States and did not believe he was free to choose not to speak with the multiple members of law enforcement who blocked his vehicle and removed him from the vehicle.

8. Pursuant to *Miranda v. Arizona*, 384 U.S.436 (1966), "If a suspect is being subjected to custodial interrogation, law enforcement officers must have previously provided certain warnings or else the statements are not admissible in any subsequent prosecution." *United*

*States v. Richardson*, 36 F. Supp. 3d 120, 126 (D.D.C. 2014). In determining whether a person is in custody for purposes of *Miranda*, the court is to employ an objective standard in assessing whether a reasonable person "would have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keane*, 516 U.S. 99, 112 (1985). "Custody" is not limited to formal arrests, but includes restraints on freedom of movement that are the functional equivalent of a formal arrest. See *California v. Beheler*, 463 U.S. 1121, 1125 (1983).

9. The questioning of defendant amounts to an interrogation when it is clear that the investigating officers were notifying defendant of specific charges he was facing for violating federal laws. "Interrogation may include "any words or actions on the part of the police…that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 466 U.S. 291, 301 (1980).

10. In order for a statement to be deemed admissible "the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored." *Missouri v. Seibert*, 542 U.S. 600, 608 (2004).

11. The circumstances surrounding the questioning were coercive in that defendant's vehicle was blocked by officers from multiple law

enforcement agencies and defendant did not understand he had no obligation to speak with the officers. The notes allegedly reflecting defendant's statements are not signed by defendant. Accordingly, all statements made by defendant should be suppressed as evidence at trial

## REQUEST FOR EVIDENTIARY HEARING

Defendant requests an evidentiary hearing on this Motion in order to complete the record regarding the admissibility of the oral statements.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W,
Suite 440
Washington, D.C. 20015
(202) 997-1125

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, on this the 2nd day of December 2024 upon all counsel of record.

_____/s/_____
Steven R. Kiersh