UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-CR-393 (RC) |
| | : | |
| **HACHIKOSELA MUCHIMBA,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER COUNT TWENTY IN THE INDICTMENT FROM COUNTS ONE THROUGH NINETEEN

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's Motion to Sever Count Twenty in the Indictment from Counts One Through Nineteen ("Motion") [ECF No. 33]. Count Twenty is properly joined in the Indictment and the Court should deny defendant's motion because: (1) Fed.R.Crim.P. 8(a) permits joinder because all of the offenses are connected and evidence pertaining to the counts overlap; and (2) pursuant to Fed.R.Crim.P. 14(a) defendant has failed to meet his burden to show prejudice. In support of said opposition, the government states the following.

I.  **FACTUAL BACKGROUND**

Defendant is charged in the Indictment in Count One with conspiracy (to commit theft of mail and bank fraud), in violation of 18 U.S.C. § 371, in Counts Two through Eleven with theft of mail and aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1708, 2, in Counts Twelve through Eighteen with bank fraud and aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1344, 2, in Count Nineteen with engaging in monetary transactions in property derived from a specified unlawful activity and aiding and

abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1957, 2, and in Count Twenty with unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a).

The Indictment alleges that as part of the acts constituting the various charges of conspiracy, theft of mail, and bank fraud, from December 2020 until March 2023, defendant conspired with others to conduct a scheme to defraud using his position as a U.S. Postal Service letter carrier out of the U.S. Post Office at Friendship Heights Station located on Wisconsin Avenue in the District of Columbia to steal mail and fraudulently deposit into defendant's accounts at least 96 U.S. Treasury checks and private party checks. *See* ECF 11. ¶¶ 3-5, 11, 13, 14, 16, 18, 20, 21, 27. The stolen checks, which totaled over $1.6 million, were intended for and mailed to postal customers living in the District of Columbia. *Id*., ¶ 13(d), 14.  The Indictment also alleges as part of the acts constituting the charges that defendant and/or another individual altered and falsely endorsed the stolen checks before depositing them into defendant-controlled bank accounts.  *Id*., ¶¶ 13(a)-(c), 14, 16.

Count Twenty alleges that while defendant was conducting his criminal activity in Counts One through Nineteen, defendant applied to the U.S. Citizenship and Immigration Services ("USCIS") to become a naturalized U.S. citizen and lied on sworn application forms and to USCIS officers by denying engaging in any criminal activity. *Id*., ¶¶ 8-9, 21-28. Specifically, the Indictment alleges that on September 19, 2021, defendant submitted to USCIS an Application for Naturalization (Form N-400), in which he certified that his answers to the questions posed were sworn to under the penalty of perjury. *Id*., ¶¶ 8, 21-24.  Form N-400 included Question 22, which asked defendant: "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" *Id*., ¶ 22.  In response to Question 22, defendant checked a box indicating "No." *Id*.  Question 31 on

defendant's Form N-400 asked: "Have you EVER given any U.S. Government officials any information that was false, fraudulent, or misleading?" *Id*., ¶ 23.  In response, defendant checked a box indicating "No." *Id*.  On March 9, 2022, defendant appeared before a USCIS officer and was placed under oath. *Id*., ¶ 25.  Defendant was again asked: "Have you EVER given any U.S. Government officials any information that was false, fraudulent, or misleading?" *Id*. In response, defendant stated under oath that he had never submitted any information that was false, fraudulent, or misleading to any U.S. Government official. *Id*.  Defendant also signed an attestation before the USCIS officer. *Id*.

Count Twenty also alleges that on May 26, 2022, defendant appeared before the U.S. District Court in the District of Columbia for a naturalization ceremony. *Id*., ¶¶ 9, 26.  Before taking the oath of citizenship, defendant was required to submit a certified completed questionnaire, (Form N-445), to USCIS at the District Courthouse. *Id*., ¶ 26.  Form N-445's Question 3 asked defendant: "Since your interview [on March 9, 2022], have you committed any crime or offense, for which you have not been arrested?" *Id*.  Defendant checked a box indicating "No." *Id*.  Defendant signed the Form N-445 with the following attestation: "I certify under penalty of perjury that each answer provided above made by me or at my direction, that I reviewed and understand all of the questions and answers provided, and that each answer is true and correct as to the date of Naturalization Oath Ceremony." *Id*.  Count Twenty further alleges that between September 19, 2021, and May 26, 2022, defendant deposited more than $450,000 worth of stolen checks into bank accounts that he controlled while his application for naturalization was pending before USCIS. *Id*., ¶ 27.

II.     **ARGUMENT AND AUTHORITIES**

    A.     **Count Twenty is Properly Joined in the Indictment**

Rule 8(a) of the Federal Rules of Criminal Procedure provides that two or more offenses may be joined in the same indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). The Court of Appeals for the District of Columbia Circuit has construed Rule 8(a) broadly in favor of joinder. "Rule 8 has generally been construed liberally in favor of joinder." *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2021) (quotation and citation omitted). *See*, *also*, *United States v. Gibbs*, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court … has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts.").

In determining whether the charges in an indictment are properly joined, the Court "focuses solely on the indictment and pre-trial submissions.  And the Government need merely allege, not prove, the facts necessary to sustain joinder."[1] *United States v. Gooch*, 665 F.3d at 1334-35 (citing *United States v. Carson*, 455 F.3d 336, 372 n. 32 (D.C. Cir. 2006). *See also United States v. Spriggs*, 102 F.3d 1245, 1255 (D.C. Cir. 1997) (quoting *United States v. Wilson*, 26 F.3d 142, 153 (D.C. Cir. 1994) ("[T]his circuit permits a trial court to consult the indictment as well as any other pretrial evidence offered by the Government.").  "The major distinction between subdivisions (a) and (b) lies in their treatment of offenses 'of the same or similar character.' As long as only one defendant is concerned, Rule 8(a) permits joinder of such offenses, even if they are entirely unrelated to each other." *United States v. Gooch*, 665 F.3d at 1325 (citation omitted).

---

[1] A review of whether offenses or defendants are properly joined in an indictment under Rule 8 is a legal matter and reviewed by the Court of Appeals *de novo. United States v. Gooch*, 665 F.3d at 1335.

In discussing whether two or more offenses or defendants are properly joined based upon the phrase "same act or transaction" used in both 8(a) and (b), the court should look to whether there is a "logical relationship" between the acts and/or whether there is "a substantial overlap of issues and evidence." *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) (finding two defendants were properly joined even though one defendant was not charged with one count because there was evidence that he participated in a series of acts that constituted the offense).

The Indictment, pertinent parts of which are described above in the factual background, alleges: (1) defendant's acts and transactions that make up the various offenses; (2) articulates the connection between the offenses; and (3) describes the overlap of evidence needed to prove the offenses. *See generally* ECF No. 11. Therefore, defendant's entire argument – that there is no relationship between defendant's acts in Count Twenty to the other counts – is based on an inaccurate reading of the Indictment. *See* ECF No. 33 at 2-4.  Defendant incorrectly argues that simply because the offense in Count Twenty and the others counts are dissimilar, there is misjoinder. *Id*. at 2-3. While joinder of offenses based upon their similarity is the first basis pronounced in Rule 8(a) for joining charges, such as when a defendant commits a series of similar crimes, it is not the only basis.  Rule 8(a) also articulates two other bases for joining multiple charges against a defendant in one indictment – where the charges "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a).

None of the cases cited by defendant support his contention that the instant Indictment fails to allege acts demonstrating a connection between Count Twenty and the other counts. Indeed, in *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990), the court acknowledged that

5

where proof for various counts overlap, joinder under Rule 8(a) would be proper. The *Terry* court found that,

> the evidence necessary to prove Count III did not overlap with the evidence required to prove Counts I and II.[2] *Compare Schaffer*, 362 U.S. at 514-15, 80 S.Ct. at 947-48[3] (finding that **when the indictment invites joint proof, the prima facie validity of joinder is shown**); *United States v. Portac Inc.*, 869 F.2d 1288, 1294 (9th Cir. 1989) ("**Joinder is proper when the same facts must be adduced to prove each of the joined offenses**."); *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984) ("**Two crimes are connected together if the proof of one crime constitutes a substantial portion of the proof of another**.").

*United States v. Terry*, 911 F.2d at 276 (emphasis added). Here, unlike in *Terry*, the Indictment speaks directly about the connection between the charges and the evidence needed to prove the charge of unlawful procurement of naturalization and the others. For example, Count Twenty describes the false statements to USCIS and connects the falsity of those statements to defendant's criminal acts in the other counts, "[b]etween September 19, 2021, and May 26, 2022, defendant deposited more than $450,000 worth of the stolen checks from the conspiracy and scheme into bank accounts he controlled."[4] ECF No. 11, ¶ 28. Thus, the Indictment

---

[2] In *Terry*, *supra*., the court found misjoinder where a drug possession charge and a firearm offense occurred on different days in different cities and where "[n]o effort [was] made in the indictment even to suggest that the offenses are of the same or similar character or that they are part of the same transaction or parts of a common scheme." *Id*. at 276. The *Terry* court found that the indictment was totally void of any factual allegations showing a connection between the charges.

[3] *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945 (1960).

[4] Defendant is the only defendant in the Indictment and who will be on trial. The fact that Count One is a conspiracy charge and Counts Two through Nineteen include aiding and abetting language does not change whether the Indictment articulates the direct relationship between the offense in Count Twenty and the other counts. Defendant's assertion that because Count Twenty "only involves actions undertaken by defendant" while the other counts allege that defendant may have had help committing the crimes is not relevant regarding the Rule 8(a) analysis because in the Indictment, defendant is alleged to have committed all of the counts charged. *See* ECF No. 33 at 3.

demonstrates the "prima facie" validity of joining the Section 1425(a) charge with the other offenses.

In addition, a careful reading of the Indictment shows the fallacy of defendant's assertion that "[t]he Unlawful Procurement of Citizenship or Naturalization charge bears absolutely no relationship to the conspiracy and bank fraud charges." *See* ECF No. 33 at 3. To the contrary, the Indictment specifically alleges that defendant made false statements to USCIS by denying his criminal acts related to the conspiracy and other charges and failed to inform USCIS about them. *See* ECF No. 11, ¶¶ 21-28. The elements of an unlawful procurement of naturalization, which the government must prove at trial beyond a reasonable doubt, are that: (1) the defendant procured or attempted to procure citizenship or naturalization; (2) the defendant acted contrary to law, that is, defendant made a false statement(s) in a proceeding or matter relating to naturalization or citizenship; (3) the defendant acted with knowledge that the statement was untrue; and (4) the false statement was related to a material matter.[5] Count Twenty describes defendant's false statements that he had not committed any criminal acts for which he had not been charged and that he had not lied to USCIS officers in his application documents and interviews to procure naturalization. *Id*. Defendant simply ignores the factual allegations in the Indictment and that the evidence needed to prove Count Twenty overlaps with the evidence needed to prove the other charges.

---

[5] Jury Instruction, *United States v. Sevan Amintobia*, Case 3:18-cr-03830-JM, ECF No. 52 (Jury Instruction No. 15) (S.D.C.A October 15, 2019). *See also* Model Criminal Jury Instructions Ninth Circuit § 15.45 (2024 Ed.); Pattern Crim. Jury Instruction 11th Circuit. § O120 (2020) Procurement of Citizenship or Naturalization Unlawfully 18 U.S.C. § 1425. *See also, United States v. Khan*, 729 Fed. Appx. 236 (4th Cir. 2018).

For the similar reasons, the case of *Blunt v. United States*, 404 F.2d 1283 (D.C. Cir. 1968), which defendant cited, does not further defendant's argument of misjoinder. The *Blunt* court found no misjoinder under Rule 8(a) even though the charges of robbery, forgery and fraud were of a different nature and occurred at different times, because the facts demonstrated that the acts were "connected together." *Id.* at 1288. The *Blunt* court commented that "the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." *Id*. (citation omitted).  In this matter, the Indictment clearly describes the direct link between the charge of unlawful procurement of naturalization and the other offenses and the common proof required for the offenses at trial. Because the charges "are based on the same act[s] or transaction[s], and require a substantial overlap of proof, joinder of the offenses in the Indictment is appropriate under Rule 8(a) and defendant's motion should be denied.

### B.     Defendant Cannot Meet the Heavy Burden of Establishing Prejudice

Defendant claims prejudice by the inclusion of Count Twenty in the Indictment and separately seeks its severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. *See* ECF No. 33 at 4-6. However, "it is not enough merely to show that separate trials might have provided the defendant a better shot at acquittal." *United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013).  The defendant bears the "heavy burden" of establishing that the joint trial "prevent[ed] the jury from arriving at a reliable judgment as to guilt or innocence." *Id*.; *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence").  Even if the Court finds no error in the joinder of the charges under Rule 8(a), however, the Court should consider whether under Rule 14 defendant has met the "heavy burden" of establishing prejudice by the joinder of the offenses, which he has not done.

8

Rule 14 states in pertinent part, "[i]f the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires. Fed.R.Crim.P.14(a). In discussing its analysis of Rules 14 and 8,[6] the Supreme Court found that the rules were "designed to promote economy and efficiency and to avoid a multiplicity of trials."[7] *Zafiro v. United States*, 506 U.S. at 539 (quotation marks and citation omitted). "The risk of prejudice will vary with the facts in each case, and the Rule leaves determination of the risk, and the tailoring of any necessary remedy, to the sound discretion of the district courts." *Id.* at 534.

Under Rule 14, a defendant "carries the burden of demonstrating prejudice resulting from a failure to sever." *United States v. Gooch*, 665 F.3d at 1336. In determining whether there is prejudice under Rule 14 warranting severance of counts or defendants, the Court should consider whether: "1) the jury may cumulate evidence of separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; or 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." *Id.* (citation omitted). Regarding the risk that the jury will cumulate evidence or infer that a defendant has a propensity to commit crime, those "dangers . . . 'are largely absent in a situation where evidence of each of the joined offenses would be admissible in a separate trial for the other." *Blunt v. United States* at 1288 (quoting *Baker v. United States*, 401 F.2d 958, 971 (D.C. Cir. 1968)). Indeed, prejudice stemming from the introduction of evidence of other crimes "would be no different from that possible in separate trials." *United States v. Lewis*, 19-cr-00307

---

[6] The Supreme Court dealt with the interplay of Rules 8(b) and 14(a) in *Zafiro v. United States*, *supra*.

[7] The rationale of judicial economy is equally applicable to the issue of joinder of offenses under Rule 8(a).

(RCL), 2021 WL 2809819, at *4 (D.D.C. 2021) (citing *Drew v. United States*, 331 F.2d 85, 90 (D.C. Cir. 1964).

> But '[e]ven where the evidence of one crime 'would not be admissible in [a] separate trial for another crime, severance is unnecessary if the government can 'present the evidence in such a manner that the accused is not confounded in his defense and the jury will be able to treat the evidence relevant to each charge separately and distinctly." *United States v. Daniels*, 770 F.2d 1111, 1117 (D.C. Cir. 1985) (quoting *Drew*, 331 F.2d at 91-92 (emphasis added)).  When the evidence supporting separate crimes is "simple and distinct," we presume that the defendant will not be prejudiced y a joint trial because the jury "can easily keep such evidence separate in their deliberations.

*Id.*, (citing *Drew v. United States*, 331 F.2d at 91). Even where joined offenses would not be mutually admissible at separate trials, if the evidence of the offenses "is sufficiently 'simple and distinct' to mitigate the danger of cumulation" severance is not required. *Baker v. United States*, 401 F.2d 958, 974 (D.C. Cir. 1968). Here, the only evidence not mutually admissible is the evidence involving the defendant's efforts to procure naturalization, but this evidence is "sufficiently 'simple and distinct' to mitigate the danger of cumulation[,]" so severance is not required. *Id*. (citation omitted.)

Pursuant to Rule 14, a finding of prejudice does not require severance. Indeed, Rule 14's use of the word, "may" indicates that severance is discretionary and not mandatory.[8] "[T]he court may" sever "makes clear that severance is not required even if prejudice is shown." *United States v. Martinez-Mora*, Case No. 23-cr-00043-5 (TNM), 2024 WL 4253165 (D.D.C. September 20, 2024), (quoting *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021)). "[I]t is incumbent upon the judge to weigh the considerations of economy and expedition in judicial

---

[8] Appellate review of the District Court's ruling regarding severance under Rule 14 is abuse of discretion standard. *See United States v*. Perry, 731 F.2d at 992 ("It is beyond dispute that the trial court's ruling [regarding severance under Rule 14] may be disturbed only upon a showing of abuse of discretion.").

administration against" any prejudice." *United States v. Delgado*, Case No. 22-cr-304 (JEB), 2023 WL 8354928, at * 5 (D.D.C. December 1, 2023) (quoting *Bradley v. United States*, 433 F.2d 1113, 1122 (D.C. Cir. 1969) (cleaned up). The Supreme Court found that "less drastic measure [than severance], such as limiting instructions, often will suffice." *Zafiro*, *supra*., 506 U.S. at 534.

> 1. **Because Evidence Regarding First Nineteen Charges Are Relevant and Admissible Regarding Count Twenty, the Evidence is Admissible in a Separate Trial and there is No Danger that Jury Would Cumulate Evidence or Improperly Infer Criminal Disposition if Count Twenty Were Not Severed**

As an initial matter, defendant's Rule 14 argument is based upon the incorrect premise that evidence relating to the other counts in the Indictment bear no relevance, connection, or "commonality" to Count Twenty. *See* ECF No. 33 at 5. As discussed above, the Indictment alleges that the unlawful procurement of naturalization charge is predicated on the defendant's commission of the other offenses and his false statements to USCIS regarding his criminal activity. Evidence relating to those counts will overlap with evidence required to prove Count Twenty, and is therefore, relevant, and admissible to prove Count Twenty. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under either prong of Fed. R. Evid. 401, evidence relating to the other offenses is relevant to the charge of unlawful procurement of naturalization and would be admissible at trial. *See also* Fed. R. Evid. 402.

Defendant's assertion that "evidence related to the conspiracy to commit bank fraud count in the indictment would not be admissible in a separate trial for unlawful naturalization procurement" is incorrect. ECF No. 33 at 5. Because the government is required to present evidence that defendant's statements regarding his criminal activity to USCIS were false,

evidence establishing his criminal activity is necessarily more probative than prejudicial under Fed.R.Evid. 403 and would be admissible in a separate trial on Count Twenty. Similar to the situation in *Blunt v. United States*, *supra*., where defendant claimed that a charge of robbery should have been severed from an indictment which also charged wire fraud, forgery and uttering, in denying severance the court found that because evidence relating to charges of wire fraud, forgery and uttering comprised the majority of trial evidence and identified the defendant as the robber, that evidence would have been admissible in a separate trial for the robbery charge. "By joining the robbery count, the indictment eliminated the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Id*.

Similarly, here, evidence relating to defendant's criminal activity in Counts One through Nineteen is relevant and probative to establish the elements in Count Twenty, specifically that defendant provided false statements to USCIS and is not offered to demonstrate criminal propensity.[9] "While '[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence,'. . . a fair trial does not include the right to exclude relevant and competent evidence." *United States v. Brown*, 16 F.3d 423, 433, (D.C. Cir. 1994) (citation omitted) (finding that defendant failed to demonstrate prejudice under Rule 14 based upon allegation of antagonistic or irreconcilable defenses).

The evidence relating to the first nineteen counts in the Indictment is relevant to the unlawful procurement of naturalization charge and admissible at trial to prove that count.

---

[9] Defendant's reliance on *United States v. McGill*, 815 F.3d 846 (D.C. Cir. 2016), is misplaced a case involving whether "unrelated bad acts" were admissible as Rule 404(b) evidence.

Therefore, there is no reason to sever Count Twenty for a separate trial. Moreover, the probative value of this evidence would far outweigh any prejudice to the defendant. *See* Fed.R.Crim.P. 14; Fed.R.Evid. 403. It is anticipated that the Court will instruct the jury regarding each of the substantive offenses as well as an instruction relating to multiple counts and the jury's need to consider each count separately.[10] Therefore, there is little possibility that the jury will cumulate the evidence or that the evidence is offered for purposes of improper propensity evidence.

### 2. Defendant Has Failed to Demonstrate Actual Prejudice by Joinder of the Offenses

Defendant also incorrectly asserts that he would be both "embarrassed and confounded in having to defend against disconnected evidence" because he may want to testify about Count Twenty, but not the other charges. *See* ECF No. 33 at 5. While "prejudice may arise from joinder 'when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence,'" it is not automatic. *United States v. Delgado*, *supra*., at *5 (quoting *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964)).

> "[N]o need for a severance exists until the defendant makes a convincing showing both that he has important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information -- regarding the nature of the testimony he wishes to given on one count and his reason for not wishing to testify on the other – to satisfy the court that the claim of prejudice is genuine and to enable to intelligently to weigh the considerations of ' economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying.

*Blunt v. United States*, 404 F.2d at 1289 (citing *Baker v. United States*, 401 F.2d at 976).

As Chief Judge Boasberg pointed out in *Delgado*, the Court's holding in *United States v.*

---

[10] *See* Redbook Instruction No. 2.402.

*Cross* regarding a defendant's wish to testify about one offense but not another, has been "narrowed and clarified." *Delgado* at *7.

> As the caselaw currently stands, 'the accused's election to testify on some but not all of the charges on trial does not automatically require a severance. Such a rule...in fact, would divest the court of all control over the matter of severance and entrust it to the defendant.' *Bradley*, 433 F.2d at 1122.[11]  Rather, "**no need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other**."

*Id*. (quoting *United States v. Baker*, 401 F.2d 958, 976-77 (D.C. Cir. 1968)) (emphasis added).

Similar to the case in *Delgado*, defendant "does not add any context to his need to remain silent on" some of the counts. *Id*. at * 7.  Defendant has provided no information whatsoever about what important testimony he anticipates that would apply to one count and his "need to refrain from testifying" regarding the others. Moreover, defendant's acts relating to the charges are interconnected and are not "clearly distinct in time, place and evidence" and defendant only speculates that he would testify about Count Twenty and refrain from testifying about his acts relating to the other charges or *vice versa*.  In this case, "severance would result in presenting a significant amount of overlapping evidence in a second trial, judicial economy strongly weights against" severance. *United States v. Michel*, Case No. 19-cr-148-1 (CKK), 2019 WL 5797669, at *15 (D.D.C. 2019) (finding that defense counsel was not objectively unreasonable for not filing a non-meritorious motion to sever counts because of the commonalities between the charges). The caselaw is clear that severance is rarely granted and that "district courts should grant severance sparingly because the strong interests favoring joint trials, particularly the desire to conserve the

---

[11] *Bradley v. United States*, 433 F.2d 1113, 1122 (D.C. Cir. 1969).

time of courts, prosecutors, witnesses and jurors." *Delgado, supra.*, 2023 WL 8354928, at * 5 (citing *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010)).

### 3. Any Possible Risk of Confusion Can Be Cured with Jury Instructions

Even assuming *arguendo*, that defendant could demonstrate actual prejudice as a result of the joinder of the offenses, as a general rule, "[a]bsent a dramatic disparity of evidence, any prejudice caused by joinder is best dealt with by instructions to the jury to be given individual consideration to the defendant." *United States v. Bruner*, 656 F.2d 1278, 1290 (D.C. Cir. 1981); *United States v. Long*, 905 F.2d 1572, 1581 (D.C. Cir. 1990. In this case, the risk of jury confusion is minimal, and there is no credible basis to assume that the jury would be unable to follow the Court's instructions.

## III. CONCLUSION

Given the overlap of evidence required to prove the charges, there is no improper joinder of the offenses under Fed.R.Crim.P. 8(a). Moreover, under Fed.R.Crim.P. 14 defendant has failed to demonstrate actual prejudice resulting from the joinder of the unlawful procurement of naturalization to the other charges, particularly failing to show that the evidence of the other charges would confuse the jury or would be presented for improper propensity evidence. There is also no reason that any possible prejudice from the joinder could not be dealt with through jury instructions. In addition, a separate trial would be a significant waste of resources given that a separate trial on the charge of unlawful procurement of naturalization would require much of the

same evidence and would thwart the very rationale for joinder of offenses (and defendants) under Rules 8 and 14. Therefore, defendant's motion should be denied. Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY

By:    /s/ *Diane G. Lucas* _____

        JOHN W. BORCHERT (D.C. Bar No. 472824)
        DIANE G. LUCAS (D.C. Bar No. 443610)
        Assistant United States Attorneys
        601 D Street, NW, Room 5.238
        Washington, D.C. 20530
        Borchert: (202) 252-7679
        Lucas: (202) 252-7724
        John.Borchert@usdoj.gov
        Diane.Lucas@usdoj.gov