IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Impaneled on June 14, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HACHIKOSELA K. MUCHIMBA<br>(a/k/a "Khosel Muchimba")<br><br>Defendant. | Criminal No. 23-cr-00393 (RC)<br><br>VIOLATIONS:<br><br>COUNT 1:<br>18 U.S.C. § 371 (Conspiracy);<br><br>COUNTS 2-11:<br>18 U.S.C. §§ 1708, 2 (Theft of Mail and Aiding and Abetting and Causing an Act to be Done);<br><br>COUNTS 12-18:<br>18 U.S.C. §§ 1344, 2 (Bank Fraud and Aiding and Abetting and Causing an Act to be Done);<br><br>COUNT 19:<br>18 U.S.C. §§ 1957, 2 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity and Aiding and Abetting and Causing an Act to be Done);<br><br>COUNT 20:<br>18 U.S.C. § 1425(a) (Unlawful Procurement of Naturalization)<br><br>FORFEITURE ALLEGATION:<br>18 U.S.C. § 981(a)(1)(C); 18 U.S.C. §§ 982(a)(1) and (a)(2)(A); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p) |

**SUPERSEDING INDICTMENT**

The Grand Jury for the District of Columbia charges, on or about the dates herein:

## Background

1.      Defendant HACHIKOSELA MUCHIMBA, a/k/a: Khosel Muchimba ("MUCHIMBA") was a resident of the District of Columbia.

2.      On October 30, 2013, MUCHIMBA registered a limited liability company, Double Blue Investments, LLC ("Double Blue"), with the District of Columbia's Department of Consumer and Regulatory Affairs ("DCRA"). MUCHIMBA was listed as the only beneficial owner of Double Blue and the company's address was MUCHIMBA's home address.

3.      At all times relevant to this indictment, MUCHIMBA was employed as a mail carrier with the United States Postal Service ("USPS") working out of the Friendship Station Post Office located at 4005 Wisconsin Avenue NW, Washington, D.C. 20016 ("Friendship Station").

4.      As part of his duties as a mail carrier, MUCHIMBA was responsible for, among other things, pulling together and sorting mail matter, including letters and packages, for customers on his route and delivering the mail to its intended recipients as addressed.

5.      Beginning on January 31, 2021, the USPS assigned MUCHIMBA to deliver mail matter to residential and business customers located on delivery route number 23; all of these customers had mailing addresses within the District of Columbia.

6.      Co-conspirator No. 1 ("CC-1") was a mail carrier for the USPS who knew MUCHIMBA and worked at the Friendship Station.

7.      MUCHIMBA controlled bank accounts in his own name and/or in the name of Double Blue at financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC") and the National Credit Union Share Insurance Fund ("NCSIF") including, but not limited to: TD Bank, N.A. (Account x1517); Sandy Spring Bank (Account x8901); Capital One Bank (Account x8274); Citibank, N.A. (Account x3184); JP Morgan Chase (Account x3858);

Digital Credit Union (Account x6731); and Ally Bank (Account x3684).

8.      Beginning on September 19, 2021, MUCHIMBA applied for naturalization citizenship by submitting a Form N-400 to the United States Citizenship and Immigration Services ("USCIS"). As part of the application process, MUCHIMBA was required to swear under oath to the veracity of all the information he provided and questions he answered to the USCIS.

9.      On May 26, 2022, based upon his application, certifications, verifications, and interview(s) with USCIS, MUCHIMBA became a U.S. citizen in the District of Columbia.

## COUNT ONE
### (Conspiracy to Commit Theft of Mail and Bank Fraud)

10.     Paragraphs 1 through 9 are re-alleged.

11.     Beginning in or about at least December 2020 and continuing thereafter until in or about March 2023, in the District of Columbia and elsewhere, defendant HACHIKOSELA MUCHIMBA a/k/a: Khosel Muchimba, and others known and unknown to the Grand Jury (the "conspirators"), including CC-1, did knowingly conspire, combine, confederate, and agree with each other to violate:

   a.   18 U.S.C. § 1708, Theft of Mail, by stealing, taking, and abstracting and attempting so to obtain, from and out of any mail, post office and station thereof, letter box, mail receptacle, mail route, other authorized depository for mail matter, and from any letter and mail carrier, any letter, postal card, package, bag, and mail, and by abstracting and removing from any such letter, package, bag, and mail, any article and thing contained therein; and

   b.   18 U.S.C. § 1344, Bank Fraud, by executing and attempting to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations, and promises.

### Purpose of the Conspiracy

12. It was a purpose of the conspiracy for the conspirators to enrich themselves by stealing and negotiating checks from the U.S. mail worth over $1,600,000, for their own personal use and benefit.

### Manner and Means

13. Among the manner and means by which defendant MUCHIMBA, and other members of the conspiracy would and did carry out the objectives of the conspiracy were the following:

   a. Members of the conspiracy, including MUCHIMBA and CC-1, used their positions as employees of the USPS to steal and misappropriate mail matter from the U.S. mail such as envelopes containing checks made payable to postal customers in the District of Columbia, with the vast majority of these checks stolen by the conspirators being U.S. Treasury checks mailed by the Department of the Treasury to taxpayers for tax refunds and other government payments, for which the intended recipients of the checks did not authorize MUCHIMBA or other conspirators to take and negotiate the checks on their behalf.

   b. MUCHIMBA and/or other conspirators altered some of the stolen checks by making them payable to themselves or others instead of the intended payees. All of the stolen checks were falsely endorsed before being negotiated.

   c. MUCHIMBA and/or other conspirators deposited the altered and/or falsely endorsed stolen checks into accounts under MUCHIMBA's control.

   d. Between January 25, 2021, and March 24, 2023, MUCHIMBA, CC-1 and other conspirators stole checks from the U.S. mail, including no less than ninety U.S. Treasury

checks—including those listed in paragraph 16 below—with an aggregate value of over $1.6 million, that were intended for delivery to postal customers in the District of Columbia.

  e. Between December 23, 2020, and February 28, 2021, MUCHIMBA and other conspirators stole and misappropriated no less than eight private party checks with an aggregate value of at least $70,000 from the U.S. mail that were intended for delivery to postal customers in the District of Columbia.

  f. MUCHIMBA withdrew funds traceable to the stolen checks for his personal benefit and for the benefit of others from accounts he controlled through ATM withdrawals, debit and credit card purchases, point of sale transactions, and transfers to other accounts.

  g. MUCHIMBA paid other conspirators for their assistance in the scheme, including CC-1.

  h. MUCHIMBA used proceeds from the stolen checks to fund a lavish lifestyle, including, but not limited to travel within the United States and abroad, stays at luxury hotels, and purchases at gentlemen's clubs.

  i. MUCHIMBA concealed the scheme from financial institutions by using numerous accounts at different institutions, and from the government by *inter alia* making multiple false, fraudulent, and misleading statements to the USCIS.

## Overt Acts

14. In furtherance of the conspiracy and to effect its objects and purposes, MUCHIMBA, CC-1, and other conspirators committed and caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere:

Examples of Stolen Checks Deposited
into Accounts Controlled by MUCHIMBA

(1)   On August 30, 2021, MUCHIMBA deposited a falsely endorsed U.S. Treasury check no. x8241, in the amount of $1,000.00 into JP Morgan Chase Account x3858 via remote online deposit; that check had been intended for delivery via U.S. mail to AS, who was a resident of the District of Columbia.

(2)   On December 13, 2021, MUCHIMBA deposited an altered U.S. Treasury check no. x5263, in the amount of $30,495.15 into TD Bank Account x1517 via mobile deposit; that check had been intended for delivery via U.S. mail to BB and HB, who were residents of the District of Columbia.

(3)   On April 24, 2022, MUCHIMBA deposited an altered U.S. Treasury check no. x4180, in the amount of $2,445.73, into TD Bank Account x1517 via mobile deposit; that check had been intended for delivery via U.S. mail to JFP and JP, who were residents of the District of Columbia.

(4)   On August 2, 2022, MUCHIMBA deposited an altered U.S. Treasury check no. x0290, in the amount of $18,362.00 into TD Bank Account x1517 via mobile deposit; the check was intended for delivery to HH and DH, who were residents of the District of Columbia.

(5)   On August 18, 2022, MUCHIMBA deposited a fraudulently endorsed U.S. Treasury check no. x0293 in the amount of $53,691.82 into TD Bank Account x1517 at an ATM; that check was intended for delivery to GJ and KW, who were residents of the District of Columbia.

(6)   On September 7, 2022, MUCHIMBA deposited an altered U.S. Treasury check no. x7008, in the amount of $14,304.82 into TD Bank Account x1517 via mobile deposit; that check had been intended for delivery via U.S. mail to WHE and CSE, who were residents of

the District of Columbia.

(7) On September 9, 2022, CC-1 stole U.S. Treasury check no. x1769 in the amount of $3,586.00 from the U.S. mail and gave it to MUCHIMBA; the check was intended for delivery to TK, who was a resident of the District of Columbia.

(8) On September 21, 2022, MUCHIMBA deposited an altered U.S. Treasury check no. x6046, in the amount of $3,251.00 into TD Bank Account x1517 via mobile deposit; that check had been intended for delivery via U.S. mail to RB in the District of Columbia.

(9) On September 26, 2022, MUCHIMBA deposited an altered U.S. Treasury check no. x5358, in the amount of $42,558.00, into TD Bank Account x1517 via mobile deposit; that check had been intended for delivery via U.S. mail to JR and MR, who were residents of the District of Columbia.

(10) On October 12, 2022, MUCHIMBA deposited an altered U.S. Treasury check no. x9401, in the amount of $2,275.96 into TD Bank Account x1517 via mobile deposit; that check had been intended for delivery via U.S. mail to HH and DH, who were residents of the District of Columbia.

(11) On January 27, 2023, MUCHIMBA deposited three fraudulently endorsed U.S. Treasury checks (Nos. x4903, x1691, and x0185) with an aggregate value of $85,730 into Sandy Spring Bank Account x8901 at an ATM; all three of those checks had been intended for delivery via U.S. mail to residents of the District of Columbia.

(12) On March 9, 2023, MUCHIMBA deposited three fraudulently endorsed U.S. Treasury checks (Nos. x0105, x1945, and x4950) with an aggregate amount of $48,877.09 into Sandy Spring Bank Account x8901 at an ATM; all three of those checks had been intended for delivery via U.S. mail to residents of the District of Columbia.

(13)   On March 24, 2023, MUCHIMBA deposited a fraudulently endorsed U.S. Treasury check no. x8088, in the amount of $415,173.53 into Sandy Spring Bank Account x8901 at an ATM; that check had been intended for delivery via U.S. mail to AP and DP, who were residents of the District of Columbia.

Examples of Withdrawals by<br>
<u>MUCHIMBA Traceable to Stolen Checks</u>

(14)   On or about July 19, 2022, MUCHIMBA made a debit card purchase from TD Bank Account x1517 in the amount of $14,532.94 at Bulgari Resort Bali.

(15)   On September 19, 2022, MUCHIMBA paid CC-1 $1,000 for CC-1's assistance in stealing a check from the mail and giving it to MUCHIMBA.

(16)   On September 20, 2022, MUCHIMBA withdrew $1,000 in cash from TD Bank Account x1517 at an ATM located in Washington, D.C.

(17)   On September 22, 2022, MUCHIMBA withdrew $1,000 in cash from TD Bank Account x1517 at an ATM located in Washington, D.C.

(18)   On September 28, 2022, MUCHIMBA withdrew $1,000 in cash from TD Bank Account x1517 at an ATM located in Washington, D.C.

(19)   On October 6, 2022, MUCHIMBA withdrew $1,000 in cash from TD Bank Account x1517 at an ATM located in Washington, D.C.

(20)   On March 19, 2023, MUCHIMBA withdrew $900 in cash from Sandy Spring Account x8901 at an ATM.

(21)   On March 23, 2023, MUCHIMBA withdraw $2,500 in cash from Sandy Spring Bank x8901 at a branch location.

**(Conspiracy to Commit Theft of Mail and<br>
Bank Fraud, in violation of 18 U.S.C. § 371)**

## COUNTS TWO THROUGH ELEVEN
(Theft of Mail)

15. Paragraphs 1 through 9 and 13 through 14 are realleged.

16. On or about the following dates, within the District of Columbia and elsewhere, HACHIKOSELA MUCHIMBA, a/k/a: Khosel Muchimba, and others known and unknown to the Grand Jury, did steal, take from, abstract from, or by fraud and deception obtain, and attempted to so obtain, mail matter described below from an authorized depository for mail matter, station letter box, mail receptacle, bag, mail route and mail carrier:

| COUNT | DATE | LETTER, POSTAL CARD, PACKAGE, BAG, AND MAILING |
|---|---|---|
| 2 | August 25, 2021 | Mailing containing a U.S. Treasury check no. x8241, payable to AS in the amount of $1,000 |
| 3 | December 8, 2021 | Mailing containing a U.S. Treasury check no. x5263, payable to BB and HB in the amount of $30,495.15 |
| 4 | April 1, 2022 | Mailing containing a U.S. Treasury check no. x4180, payable to JFP and JP in the amount of $2,445.73 |
| 5 | July 29, 2022 | Mailing containing a U.S. Treasury check no. x0290, payable to HH and DH in the amount of $18,362.00 |
| 6 | July 29, 2022 | Mailing containing a U.S. Treasury check no. x0293, payable to G.J. and KM in the amount of $53,691.82 |
| 7 | August 12, 2022 | Mailing containing a U.S. Treasury check no. x9401, payable to HH and DH in the amount of $2,275.96 |
| 8 | August 19, 2022 | Mailing containing a U.S. Treasury check no. x7008, payable to WHE and CSE in the amount of $14,304.82 |
| 9 | September 16, 2022 | Mailing containing a U.S. Treasury check no. x6046, payable to RB in the amount of $3,251.00 |
| 10 | September 20, 2022 | Mailing containing a U.S. Treasury check no. x5358 in the amount of $42,558 |

| COUNT | DATE | LETTER, POSTAL CARD, PACKAGE, BAG, AND MAILING |
|---|---|---|
| 11 | March 17, 2023 | Mailing containing a U.S. Treasury check no. x8088, payable to AP and DP in the amount of $415,173.53 |

(Theft of Mail, Aiding and Abetting, and Causing
an Act to be Done, in violation of 18 U.S.C. §§ 1708, 2)

## COUNTS TWELVE THROUGH EIGHTEEN
(Bank Fraud)

17.  Paragraphs 1 through 9 and 13 through 14, are re-alleged.

18.  During the dates identified below, within the District of Columbia and elsewhere, defendant HACHIKOSELA MUCHIMBA a/k/a: Khosel Muchimba, CC-1, and others knowingly executed and attempted to execute a scheme and artifice to obtain money, funds, credits, assets, securities and other property owned by and under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises, to wit, depositing altered and falsely endorsed checks into accounts at financial institutions in the amounts stated below, without the knowledge or consent of the intended recipients of these checks:

| COUNT | DATE | FINANCIAL INSTITUTION ACCOUNT | CHECK NUMBER | AMOUNT |
|---|---|---|---|---|
| 12 | January 26, 2021 | Citibank Account x3184 | x9542 | $600.00 |
| 13 | August 30, 2021 | JP Morgan Account x3858 | x8241 | $1,000.00 |
| 14 | October 12, 2021 | Ally Bank Account x3684 | x9760 | $44,019.00 |
| 15 | November 23, 2021 | Capital One Account x8274 | x7291 | $1,000.00 |

| COUNT | DATE | FINANCIAL INSTITUTION ACCOUNT | CHECK NUMBER | AMOUNT |
|---|---|---|---|---|
| 16 | February 14, 2022 | Digital Credit Union Account x6731 | x8607 | $113,785.52 |
| 17 | August 18, 2022 | TD Bank Account x1517 | x0293 | $53,691.82 |
| 18 | March 24, 2023 | Sandy Spring Bank Account x8901 | x8088 | $415,173.53 |

**(Bank Fraud, in violation of 18 U.S.C. §§ 1344(2) and 2)**

## COUNT NINETEEN
### (Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity)

19. Paragraphs 1 through 9 and 13 through 14 are realleged.

20. On or about July 31, 2022, within the District of Columbia and elsewhere, MUCHIMBA a/k/a: Khosel Muchimba knowingly engaged and attempted to engage, and caused others and aided and abetted others to engage, in a monetary transaction in criminally derived property that was of a value greater than $10,000, to wit, a debit card transaction at Bulgari Resort Bali in the amount of $14,532.94 drawn against TD Bank Account x1517, derived from specified unlawful activity, to wit, theft of mail and bank fraud.

**(Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957, 2)**

## COUNT TWENTY
### (Unlawful Procurement of Naturalization)

21. Paragraphs 1 through 9 and 13 through 14 are realleged.

22. On September 19, 2021, MUCHIMBA submitted an Application for Naturalization From N-400 to U.S. Citizenship and Immigration Services ("USCIS"). Question 22 on

MUCHIMBA's Form N-400 asked: "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" In response to Question 22, MUCHIMBA checked a box indicating "No."

23.     Question 31 on MUCHIMBA's Form N-400 asked: "Have you EVER given any U.S. Government officials any information that was false, fraudulent, or misleading?" In response, MUCHIMCA checked a box indicating "No."

24.     In submitting his application, MUCHIMBA signed and stated: "I certify, under penalty of perjury, that I provided or authorized all of the information in my application, I understand all of the information contained in, and submitted with, my application, and that all of this information is complete, true, and correct."

25.     On March 9, 2022, MUCHIMBA appeared before a USCIS officer and was placed under oath. MUCHIMBA was again asked: "Have you EVER given any U.S. Government officials any information that was false, fraudulent, or misleading?" In response, MUCHIMBA stated under oath that he had never submitted any information that was false, fraudulent, or misleading to any U.S. Government official. MUCHIMBA then signed an attestation before the USCIS officer that "I swear (affirm) and certify under penalty of perjury under the laws of the United States of America that I know the contents of this Form N-400, Application for Naturalization, subscribed by me, including the corrections displayed above are complete, true, and correct."

26.     On May 26, 2022, MUCHIMBA appeared before the U.S. District Court in the District of Columbia for a naturalization ceremony. Before taking the oath of citizenship, MUCHIMBA was required to submit a completed questionnaire, Form N-445, to USCIS at the courthouse. Question 3 on Form N-445 asked: "Since your interview [on March 9, 2022], have

12

you committed any crime or offense, for which you have not been arrested?" MUCHIMBA checked a box indicating "No." MUCHIMBA signed Form N-445 with the following attestation: "I certify under penalty of perjury that each answer provided above made by me or at my direction, that I reviewed and understand all of the questions and answers provided, and that each answer is true and correct as to the date of Naturalization Oath Ceremony."

27. Between September 19, 2021, and May 26, 2022, MUCHIMBA deposited more than $450,000 worth of stolen checks into bank accounts that MUCHIMBA controlled while MUCHIMBA's application for naturalization was pending with USCIS.

28. Between September 19, 2021, and May 26, 2022, in the District of Columbia, and elsewhere, defendant HACHIKOSELA MUCHIMBA a/k/a: Khosel Muchimba, knowingly procured and attempted to procure citizenship and naturalization for himself, contrary to law, specifically in violation of 18 U.S.C. § 1015(a) by making material false statements and omissions under oath during the naturalization application process and the granting of citizenship,

**(Unlawful Procurement of Citizenship or Naturalization, in violation of 18 U.S.C. § 1425(a))**

**FORFEITURE ALLEGATION**

1. Upon conviction of any of the offenses listed in Count One through Count Eleven of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek the forfeiture of the following specific property:

   a. $402,669.95 in U.S. currency seized from Sandy Spring Bank Account x8901 on or about April 14, 2023.

   b. $1,480 in U.S. currency seized from MUCHIMBA's

                 residence on or about March 29, 2023.

         c.       $2,000 in U.S. currency seized from MUCHIMBA at the

                 time of his arrest.

The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

       2.       Upon conviction of any of the offenses alleged in Count Twelve through Count Eighteen of this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these violations, pursuant to Title 18, United States Code, Section 982(a)(2)(A). The United States will also seek the forfeiture of the following specific property:

         a.       $402,669.95 in U.S. currency seized from Sandy Spring

                 Bank Account x8901 on or about April 14, 2023.

         b.       $1,480 in U.S. currency seized from MUCHIMBA's

                 residence on or about March 29, 2023.

         c.       $2,000 in U.S. currency seized from MUCHIMBA at the

                 time of his arrest.

The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these violations.

       3.       Upon conviction of any of the offenses alleged in Count Nineteen of this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in the offense or any property traceable to such property, pursuant to Title 18, United States Code,

Section 982(a)(1). The United States will also seek the forfeiture of the following specific property:

    a.    $402,669.95 in U.S. currency seized from Sandy Spring Bank Account x8901 on or about April 14, 2023.

    b.    $1,480 in U.S. currency seized from MUCHIMBA's residence on or about March 29, 2023.

    c.    $2,000 in U.S. currency seized from MUCHIMBA at the time of his arrest.

The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in these offenses, or any property traceable to such property.

    4.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C),
18 U.S.C. §§ 982(a)(1) and (a)(2)(A), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p))**

*Edward R. Martin, Jr./KLR*
Edward R. Martin, Jr.
United States Attorney
for the District of Columbia

A TRUE BILL

_____
Foreperson
Date: