UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 23-393 (RC) |
| | : | |
| HACHIKOSELA MUCHIMBA, | : | Re Document No.:   33 |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

Denying Defendant's Motion to Sever

## I.  INTRODUCTION

Defendant Hachikosela Muchimba moves to sever count twenty in the indictment from counts one through nineteen. For reasons discussed below, the Court denies Mr. Muchimba's motion.

## II.  BACKGROUND

Mr. Muchimba worked as a letter carrier for the United States Postal Service ("USPS") in Washington, D.C.  Gov.'s Opp'n to Def.'s Mot. Sever Count Twenty in the Indictment from Counts One Through Nineteen at 2 ("Gov.'s Opp'n"), ECF No. 35; *see also* Indictment, ECF No. 11.  The government alleges that from around December 2020 through around March 2023, Mr. Muchimba conspired with others to steal from the mail at least 96 U.S. Treasury and private checks; that he and other individuals fraudulently endorsed the checks; and that Mr. Muchimba deposited the checks into his personal accounts.  Indictment ¶¶ 11–13; Gov.'s Opp'n at 2–3.  The value of the allegedly stolen checks exceeds $1.6 million.  Indictment ¶ 12; Gov.'s Opp'n at 2–3. During the same period as the alleged conspiracy, Mr. Muchimba applied for U.S. citizenship and became a naturalized U.S. citizen.  Indictment ¶¶ 21–28; Gov.'s Opp'n at 3.

1

On November 9, 2023, a grand jury charged Mr. Muchimba with 20 counts, nineteen of which relate to the alleged theft of checks from the mail. *See generally* Indictment. Count Twenty charges Mr. Muchimba with unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). *See id.*; Def.'s Mot. Sever Count Twenty of the Indictment ("Mot. Sever"), ECF No. 33.

Count One charges Mr. Muchimba with conspiracy to commit theft of mail and bank fraud under 18 U.S.C. § 371. Indictment ¶¶ 10–14. Counts Two through Eleven charge him with theft of mail and aiding and abetting in violation of 18 U.S.C. §§ 1708, 2. *Id.* ¶¶ 15–16. Counts Twelve through Eighteen charge Mr. Muchimba with bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344, 2, and Count Nineteen charges him with engaging in monetary transactions in property derived from specific unlawful activity in violation of 18 U.S.C. §§ 1957, 2. *Id.* ¶¶ 17–20.

Count Twenty alleges that while Mr. Muchimba was engaging in the criminal activity described in Counts One through Nineteen, he applied to the U.S. Citizenship and Naturalization Services ("USCIS") to become a naturalized U.S. citizen and, in doing so, lied on sworn application forms and under oath. *Id.* ¶¶ 21–28. Specifically, the government alleges that Mr. Muchimba checked "no" when asked in writing "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" *Id.* ¶ 22. He allegedly again checked "no" when asked "Have you EVER given any U.S. Government officials any information that was false, fraudulent, or misleading?" *Id.* ¶ 23. And on March 9, 2022, Mr. Muchimba allegedly swore under oath that he had never submitted any information that was false, fraudulent, or misleading to any U.S. government official. *Id.* ¶ 25.

Mr. Muchimba has filed a motion to sever Count Twenty from Counts One through Nineteen, citing Federal Rules of Criminal Procedure 8 and 14.[1]  Mot. Sever.  The government filed an opposition.  Gov.'s Opp'n.

## III.  ANALYSIS

### A. Joinder Pursuant to Rule 8(a)

Federal Rule of Criminal Procedure 8 allows for two or more offenses to be joined in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).  The term "similar character" has been construed to encompass charges that are "nearly corresponding, resembling in many respects, somewhat alike, or having a general likeness to." *United States v. Treadwell*, 566 F. Supp. 80, 86 (D.D.C. 1983); *see also United States v. Werner*, 620 F. 2d 922, 926 (2d Cir. 1980) (same).  The term "transaction" has been interpreted as "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Treadwell*, 566 F. Supp. at 86.  And offenses are considered "connected together" when there is commonality of proof.  *United States v. Richardson*, 161 F.3d 728, 734 (D.C. Cir. 1998).  In this Circuit, Rule 8 is construed liberally in favor of joinder.  *Id.* at 733.  Indeed, when claims can meet the above definition, joinder is allowed "even if the[] [offenses of the same or similar character] are entirely unrelated to each other." *United States v. Gooch*, 665 F.3d 1318, 1335 (D.C. Cir. 2012).  In determining whether

---

[1] After Mr. Muchimba filed his motion to sever and the government filed its opposition, the grand jury filed a superseding indictment.  Superseding Indictment, ECF No. 41.  Because the counts in the superseding indictment are the same as those in the indictment, the Court, like the parties, discusses the original indictment.

3

joinder is appropriate, the Court considers only the indictment and pre-trial submissions. *Id.* at 1334.

Mr. Muchimba argues without elaboration that the "Unlawful Procurement of Citizenship or Naturalization charge bears absolutely no relationship to the conspiracy and bank fraud charges" because the charges "are not of the same character, are not based on the same act or transaction and there is no evidence that they are part of a common scheme[] or plan." Mot. Sever at 2–3. Beyond those conclusory statements, Mr. Muchimba offers very little.

The Court is satisfied that the charge in Count Twenty is "connected with" the charges in Counts One through Nineteen because the offenses share a commonality of proof. *See Richardson*, 161 F.3d at 174. The indictment alleges that Mr. Muchimba began participating in the mail theft conspiracy by "at least December 2020." Indictment ¶ 11; *see also id.* ¶ 13(d) (describing how between January 25, 2021 and March 24, 2023, Defendant and others "stole checks from the U.S. mail, including no less than ninety U.S. treasury checks . . . with an aggregate value of over $1.6 million"). According to the indictment, when Mr. Muchimba applied for U.S. citizenship on September 19, 2021, he certified that he had not "committed, assisted in committing, or attempted to commit" a crime or offense, and that he had not ever given any U.S. government official "information that was false, fraudulent, or misleading." *Id.* ¶¶ 22–24. If Mr. Muchimba had in fact participated in the conspiracy and bank fraud described in Counts One through Nineteen, then his citizenship application contained false statements. Mr. Muchimba again made allegedly false statements under oath to a USCIS officer on March 9, 2022 and in a written attestation he submitted before taking his oath of citizenship on May 26, 2022. *Id.* ¶¶ 25–26. The evidence needed to prove Count Twenty (*i.e.*, that Mr. Muchimba made false statements in his citizenship application) overlaps with the evidence needed to prove

Counts One through Nineteen. Because the charges are connected and the evidence to prove Count Twenty overlaps with the evidence to prove the other counts, there is no issue under Rule 8.

### B. Severance Pursuant to Rule 14

Having concluded that the counts were properly joined, the Court must determine if severance is appropriate pursuant to Federal Rule of Criminal Procedure 14, which allows a court to sever counts upon a defendant's showing of prejudice. Fed. R. Crim. P. 14. Severance under Rule 14 is permitted even where joinder is otherwise proper. *See United States v. Carson*, 455 F.3d 336, 372 (D.C. Cir. 2006). Rule 14 states that if "joinder . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Severance is only proper when there is a "serious risk" that without severance the jury will be unable to make "a reliable judgment about guilt or innocence." *Gooch*, 665 F.3d at 1336 (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Absent this showing of substantial prejudice to the defendant, "offenses properly joined under Rule 8 should be jointly tried to conserve judicial resources, [alleviate] the burdens on citizens serving as jurors, and [to avoid] the necessity of having witnesses reiterate testimony in a series of trials." *Treadwell*, 566 F. Supp. at 86 (alterations in original) (citing *United States v. Clemente*, 494 F. Supp. 1310, 1325 (S.D.N.Y. 1980)). The defendant carries the burden of demonstrating prejudice and that he will be unable to have a fair trial unless the counts are severed. *See Carson*, 455 F.3d at 374. Even when a defendant makes such a showing, the district court retains discretion to determine if severance is warranted. *See Gooch*, 665 F.3d at 1326.

On this point too Mr. Muchimba's arguments are underdeveloped. *See* Mot. Sever at 4–6. First, Mr. Muchimba states that "the jury will cumulate the evidence of the offenses for which there is no commonality." *Id.* at 5. As discussed, there is commonality between the charges in Counts One through Nineteen and the unlawful procurement of citizenship charge in Count Twenty. *See infra* at 4–5. Second, Mr. Muchimba argues that "[t]he only purpose for introducing evidence of separate and distinct criminal acts is to suggest criminal propensity on the part of the defendant to engage in illegal conduct." *Id.* Again, the Court rejects the premise that the criminal acts laid out in each count are totally "separate and distinct." Third, Mr. Muchimba claims that "[b]ecause these crimes have nothing to do with one another, [he] will be embarrassed and confounded in having to defend against such disconnected evidence." *Id.* At the risk of being repetitive, the Court reiterates that the charges in the indictment do have something to do with one another because all of the charges relate to Mr. Muchimba's alleged theft of checks. *See* Gov.'s Opp'n at 11 ("[D]efendant's Rule 14 argument is based upon the incorrect premise that evidence relating to the other counts in the Indictment bear no relevance, connection, or 'commonality' to Count Twenty.").

In any case, the Court sees no risk that Mr. Muchimba will be prejudiced by joining Count Twenty with the other counts in the indictment. The jury will hear evidence that Mr. Muchimba allegedly abused his position at USPS to steal over $1.6 million worth of checks from the mail. That Mr. Muchimba allegedly lied on his citizenship application is relatively less prejudicial. And were the Court to order a separate trial on Count Twenty, the government would present evidence that Mr. Muchimba's statements to USCIS were false—which would require the introduction of evidence of the acts underlying Counts One through Nineteen. *See id.*

6

at 11–12 (citing Fed. R. Evid. 403).  Evidence of those acts is both relevant and probative to the elements of the offense charged in Count Twenty.

Mr. Muchimba has also not met his burden of establishing that he will face prejudice by testifying to the unlawful naturalization charge but not the other counts, or vice versa.  *Contra* Mot. Sever at 5.  "[N]o need for severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other."  *United States v. Delgado*, No. 22-cr-304, 2023 WL 8354928, at *7 (D.D.C. Dec. 1, 2023) (quoting *United States v. Baker*, 401 F.3d 958, 976–77 (D.C. Cir. 1968)).  At this point Mr. Muchimba has not asserted that he will testify on any count. *See* Mot. Sever at 5 ("[D]efendant[] *may* want to testify to the unlawful naturalization charge but not to the conspiracy and bank fraud charges.") (emphasis added).  Nor has he proffered any specific reason why his testimony on Count Twenty would cause prejudice on Counts One through Nineteen, or vice versa.  Without that information, the Court cannot assess prejudice or balance prejudice with the interests of judicial economy.  *See Delgado*, 2023 WL 8354928, at *8.

Even assuming for the sake of argument that Mr. Muchimba may face some unarticulated, abstract prejudice from joinder, the Court will nonetheless deny his motion to sever.  The D.C. Circuit has instructed district courts to "grant severance sparingly because of the strong interests favoring joint trials, particularly the desire to conserve the time of courts, prosecutors, witnesses, and jurors."  *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (cleaned up).  The Court will not exercise its discretion to sever.  *See United States v. Michel*, No. 19-cr-148-1, 2019 WL 5797669, at *15 (D.D.C. Nov. 6, 2019) (where "severance would result in presenting a significant amount of overlapping evidence in a second trial, judicial economy strongly weighs against it").  And as the Circuit has explained, "[a]bsent a dramatic

7

disparity of evidence, any prejudice caused by joinder is best dealt with by instructions to the jury." *United States v. Bruner*, 657 F.2d 1278, 1290 (D.C. Cir. 1981).  Should Mr. Muchimba feel that it is necessary, he is free to request limiting jury instructions.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Sever Count Twenty of the Indictment is **DENIED**.[2]  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 3, 2025                                                              RUDOLPH CONTRERAS
                                                                                              United States District Judge

---

[2] Given the Court's conclusion that Mr. Muchimba has not demonstrated prejudice, the Court does not think bifurcation is appropriate or necessary.