UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 23-CR-393 (RC)** |
| | : | |
| **HACHIKOSELA K. MUCHIMBA,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR ORDER REVOKING DEFENDANT'S
CITIZENSHIP AND CANCELING CERTIFICATE OF NATURALIZATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court pursuant to 8 U.S.C. §§ 1451(e) and (f), for entry of an order revoking, setting aside, and declaring void the order admitting Defendant Hachikosela K. Muchimba ("Defendant" or "Muchimba") to U.S. citizenship, and canceling his Certificate of Naturalization No. 43666281, and U.S.C.I.S. Registration No. A214694513. In support of this motion, the United States submits as follows:

**I.      RELEVANT PROCEDURAL AND FACTUAL HISTORY**

Muchimba was a letter carrier with the U.S. Postal Service from February 2020 until he was placed on an off-duty (without pay) status in March 2023, after it was learned that over the course of more than two years he stole, with the assistance of others, checks from the mail that were intended for delivery to residents of Washington, D.C. – many of the stolen checks were U.S. Treasury checks. The investigation determined that Defendant deposited the stolen checks into bank accounts he controlled, including into an account for "Double Blue Investments," a limited liability company that Defendant established and controlled. In total, Muchimba stole over $1.6 million in checks from postal customers.

On March 29, 2023, law enforcement agents executed a search warrant at Muchimba's personal residence. During that search, law enforcement recovered an ATM receipt that indicated Defendant had deposited a stolen $415,173.53 U.S. Treasury check a few days earlier at Sandy Spring Bank. Defendant withdrew approximately $13,000 of those funds before the Government obtained a seizure warrant for the remining funds in that account on April 14, 2023. Law enforcement also seized personal identification documents that Muchimba possessed in his residence at the time, including but not limited to: a U.S. passport; two expired passports issued by the Republic of Zambia; and a then current Zambian passport.

The Government learned that while Muchimba was perpetrating the above-mentioned stolen check and fraud scheme and conspiracy (between at least December 2020 and continuing until in or about March 2023), Muchimba voluntarily applied to the U.S. Citizenship and Immigration Services ("USCIS") to become a naturalized U.S. citizen. Beginning on or about September 19, 2021, Muchimba began the naturalization application process. The evidence at trial showed that at that time, Muchimba had already stolen and deposited into his accounts at least 28 stolen checks from postal customers.

As a result, there was evidence that Muchimba's sworn application form and subsequent interviews with USCIS officers contained lies, including denying his engagement of any criminal activity. Specifically, on September 19, 2021, Muchimba submitted to USCIS an Application for Naturalization (Form N-400), in which he certified that his answers to the questions posed were sworn to under the penalty of perjury. Form N-400 included Question 22, which asked Defendant: "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" In response to Question 22, defendant checked a box indicating "No." Question 31 on Defendant's Form N-400 asked: "Have you

2

EVER given any U.S. Government officials any information that was false, fraudulent, or misleading?" In response, Defendant checked a box indicating "No." On March 9, 2022, Muchimba appeared before a USCIS officer and was placed under oath and was again asked the same questions to which he falsely responded. Similarly, when Defendant appeared before the U.S. District Court in the District of Columbia for his naturalization ceremony on May 26, 2022, before taking the oath of citizenship, Muchimba submitted a certified completed questionnaire, (Form N-445), to USCIS in which he again lied about not committing any criminal activity.

In addition to Defendant depositing stolen checks into accounts before his naturalization application with USCIS, evidence at trial demonstrated that he continued the same criminal activity during and after the naturalization process. For example, while Muchimba's application for naturalization was pending before USCIS, between his September 19, 2021 application for naturalization and swearing in ceremony on May 26, 2022, Defendant deposited more than $450,000 worth of stolen checks into bank accounts that he controlled. Moreover, Defendant continued to deposit stolen checks until March 2023.

On November 9, 2023, a federal grand jury sitting in the District of Columbia returned a 20-count Indictment charging Muchimba in Count One with conspiracy (to commit theft of mail and bank fraud), in violation of 18 U.S.C. § 371, in Counts Two through Eleven with theft of mail and aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1708, 2, in Counts Twelve through Eighteen with bank fraud and aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1344, 2, in Count Nineteen with engaging in monetary transactions in property derived from a specified unlawful activity and aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1957, 2, and in Count Twenty with unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a). On January 30,

2025, a federal grand jury sitting in the District of Columbia returned a superseding indictment which charged Muchimba with the same counts.

On March 13, 2025, after a jury trial on the charges contained in the superseding indictment, a jury found Muchimba guilty of all counts, including Count Twenty, unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a).

## II.     ARGUMENT AND AUTHORITIES

Pursuant to 8 U.S.C. § 1451(e), Muchimba's conviction for violating 18 U.S.C. § 1425 mandates denaturalization by the Court. Section 1451(e) provides as follows:

> When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

8 U.S.C. § 1451(e). Revocation of citizenship pursuant to Section 1451(e) "is mandatory upon conviction of naturalization fraud" under 18 U.S.C. § 1425, and the district court's task in this respect is purely ministerial. *United States v. Inocencio*, 328 F.3d 1207, 1209 (9th Cir. 2003); *see also United States v. Moses*, 94 F.3d 182, 187-88 (5th Cir. 1996) ("[Section 1451(e)] is mandatory – the district court *shall* revoke the citizenship if the individual is convicted under section 1425.") (emphasis in original).

The "purpose of 8 U.S.C. § 1451(e) is to ensure the *automatic* revocation of naturalization upon a conviction for naturalization fraud under 18 U.S.C. § 1425." *Inocencio*, 328 F.3d at 1210 (emphasis in original); *see also id.* at 1209 ("Congress plainly contemplated that district courts having jurisdiction over criminal trials would automatically revoke naturalization upon such convictions."); *United States v. Latchin*, 554 F.3d 709, 716 (7th Cir. 2009) ("Under 8 U.S.C. § 1451(e), a conviction for knowingly procuring naturalization in violation of the law results in

4

automatic denaturalization."); *Bridges v. United States*, 199 F.2d 845, 846 (9th Cir. 1952) (rejecting defendant's claim "that he is not 'convicted' until all appellate remedies have been exhausted" and concluding that the revocation is "meant to be a part of the criminal proceedings and not a separate proceeding," as evidenced by the statutory "subsection itself which states that when a person is convicted of obtaining citizenship by fraud, his citizenship shall 'thereupon' be revoked in the same court where he was convicted"), *reversed on other grounds by* 346 U.S. 209 (1953) (quoting prior version of statute at 8 U.S.C. § 738(e)).

Thus, because revocation is automatic, ministerial, and required by law, a "trial court has no discretion in applying the statute." *United States v. Odelakon*, 150 F. App'x 374, 376 (5th Cir. 2005) (citing *Moses*, 94 F.3d at 187-88); *see also United States v. Maduno*, 40 F.3d 1212, 1218 (11th Cir. 1994), *cert. denied*, 516 U.S. 840 (1995) ("The revocation is a simple ministerial task and involves no exercise of discretion because the revocation is statutorily mandated."); *United States v. Djanson*, 578 F. App'x 238, 241 (4th Cir. 2014) (same). It follows, then, that a defendant convicted of naturalization fraud under 18 U.S.C. § 1425 is not entitled to any additional process before the district court revokes his or her naturalization. *See, e.g.*, *Inocencio*, 328 F.3d at 1211 (rejecting defendant's due process argument that she was entitled to notice and an opportunity to respond before revocation, and noting that "[b]ecause 8 U.S.C. § 1451(e) does not provide for notice or an opportunity to respond beyond the notice inherent in a trial and a verdict of guilty, revocation under that subsection is automatic"); *see also United States v. Barekzai*, 327 F. App'x 732, 733 (9th Cir. 2009) (reversing district court's denial of the government's motion to revoke defendant's citizenship, and holding that "no further proof of the elements was required and revocation was mandatory," without exceptions).

5

Here, Muchimba stands convicted of knowingly procuring his U.S. citizenship in violation of 18 U.S.C. § 1425. Thus, for the reasons set forth above, the United States requests that the Court "revoke, set aside, and declare void the final order admitting" Defendant to citizenship and declare Defendant's Certificate of Naturalization No. 43666281 "canceled" under 8 U.S.C. § 1451(e).

Finally, 8 U.S.C. § 1451(f) instructs that the Court shall send a copy of the order canceling Defendant's Certificate of Naturalization to the Attorney General and that Defendant, upon notice of the order, shall surrender the Certificate of Naturalization to the Attorney General. Section 1451(f) provides as follows:

> Whenever an order admitting an alien to citizenship shall be revoked and set aside or a certificate of naturalization shall be canceled, or both, as provided in this section, the court in which such judgment or decree is rendered shall make an order canceling such certificate and shall send a certified copy of such order to the Attorney General. The clerk of court shall transmit a copy of such order and judgment to the Attorney General. A person holding a certificate of naturalization or citizenship which has been canceled as provided by this section shall upon notice by the court by which the decree of cancellation was made, or by the Attorney General, surrender the same to the Attorney General.

8 U.S.C. § 1451(f). Accordingly, the United States requests that this Court send a copy of its order canceling Muchimba's Certificate of Naturalization No. xxxx6281 to the United States Attorney for the District of Columbia, or her designee. As provided for in the proposed order attached hereto, the United States further requests that the Court order that Defendant shall, within ten days of the Court's order, surrender and deliver his Certificate of Naturalization, any and all U.S. passports and passport cards, and any other indicia of U.S. citizenship to the United States Attorney for the District of Columbia, or her designee.

### III.    CONCLUSION

Defendant has been convicted of knowingly procuring his U.S. citizenship in violation of 18 U.S.C. § 1425. Thus, as mandated by 8 U.S.C. § 1451(e), the United States respectfully requests

that this Court enter the proposed order attached hereto revoking, setting aside, and declaring void the order admitting Defendant to U.S. citizenship and canceling his Certificate of Naturalization No. 43666281.

              Respectfully submitted,

              JEANINE FERRIS PIRRO
              UNITED STATES ATTORNEY

By:   /s/ *Diane G. Lucas*
      JOHN W. BORCHERT (D.C. Bar No. 472824)
      DIANE G. LUCAS (D.C. Bar No. 443610)
      Assistant United States Attorneys
      601 D Street, NW, Room 5.238
      Washington, D.C. 20530
      Borchert: (202) 252-7679
      Lucas: (202) 252-7724
      John.Borchert@usdoj.gov
      Diane.Lucas@usdoj.gov