UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HACHIKOSELA MUCHIMBA,<br><br>Defendant. | Case No. 23-CR-293 (RC) |

### NOTICE OF FILING PROPOSED RESTITUTION ORDER

This matter is scheduled for sentencing on September 3, 2025, following the defendant's conviction at trial earlier this year. The Court is obliged to consider an award of restitution as part of the sentence in this case. 18 U.S.C. §§ 3556, 3663A. To assist the Court in determining an appropriate restitution award, the United States submits the following:

1. As the Court is already aware, the core of the defendant's crime was straight forward: the defendant stole checks out of the mail; altered or falsely-endorsed those checks; and deposited them into bank accounts that he controlled at multiple financial institutions. Most of those misappropriated checks—102 checks in total with an aggregate value over $1.6 million—were U.S. Treasury checks payable to D.C. residents. But the defendant also misappropriated twelve (12) private party checks that were drawn against the bank accounts of local businesses.

2. In anticipation of sentencing—and to assist the Court in determining an appropriate restitution order—the government has reviewed U.S. treasury records, contacted bank representatives, and contacted businesses and individuals whose checks were misappropriated.

3. With respect to U.S. Treasury checks, there are several classes of victims who the Court should consider in fashioning its order. In some instances, the U.S. Treasury detected the fraud within one year of the fraudulent check deposit and reclaimed the full amount of the

fraudulent check from the financial institution that accepted the deposit—*i.e.*, the financial institution incurred the loss. *See* 31 C.F.R. § 240.1 *et seq.* Based on the government's investigation to date, there are six financial institutions that should receive restitution in an aggregate amount of **$552,292.02**.

4. In other instances, the U.S. Treasury identified the fraud outside of the one-year reclamation window and re-issued the treasury check to the taxpayer who was entitled to payment. In those instances, it was the U.S. Treasury itself that incurred the loss. The total loss incurred by the U.S. Treasury was **$42,602.51**.

5. In a few rare instances, the U.S. Treasury identified the fraud outside of the one-year reclamation window and has not issued a replacement check to the taxpayer. In those instances—eight checks that were stolen from seven taxpayers —it is the taxpayer themselves who has incurred the loss. Those losses total **$56,173.82**. As to these seven taxpayers, the Internal Revenue Service will collect any restitution payments on behalf of the taxpayers and distribute them appropriately. Exhibit A to the government's proposed restitution order provides the personal information that should be included on any restitution payments directed to the IRS on behalf of these seven taxpayers.

6. Although the amount of intended loss for purposes of the U.S. Sentencing Guidelines, § 2B1.1, is approximately $1.6 million, the information available to the government at this time indicates that financial institutions were able to prevent some of the losses from the defendant's scheme. And the government seized a large amount of the defendant's proceeds before the defendant could dissipate them. *See United States v. $402,669.95 Seized from One Sandy Spring Bank Account*, No. 23-cv-2527-RC, Dkt. 1 (D.D.C.).

7. The government has contacted all the private parties whose checks the defendant misappropriated. None of those parties makes a claim for restitution at this time. The government will promptly inform the Court of any new information it receives that would warrant amending or adjusting the Court's restitution order. 18 U.S.C. § 3664(*o*).

8. A proposed order is attached.

JEANINE FERRIS PIERRO  
United States Attorney

By: _____  
JOHN W. BORCHERT (D.C. Bar No. 472824)  
DIANE G. LUCAS (D.C. Bar No. 443610)  
Assistant United States Attorneys  
601 D Street, NW  
Washington, D.C. 20530  
Borchert: (202) 252-7679  
Lucas: (202) 252-7724  
John.Borchert@usdoj.gov  
Diane.Lucas@usdoj.gov

September 2, 2025